Arthush GUKASYAN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 04–72694.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 25, 2009.

Alan Aghabegian, Law Offices of Alan Aghabegian, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Arthush Gukasyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision finding that he knowingly participated in alien smuggling, in violation of 8 U.S.C. § 1182(a)(6)(E)(i), and denying his applications for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Urzua Covarrubias v. Gonzales,* 487 F.3d 742, 744 (9th Cir.2007) (inadmissibility); *Nakamoto v. Ashcroft,* 363 F.3d 874, 881–82 (9th Cir.2004) (asylum), and we deny in part and dismiss in part the petition for review.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The IJ's conclusion that Gukasyan's testimony regarding his passengers' attempt to enter the United States was not credible is supported by material discrepancies between his testimony and his passengers' testimony and sworn statements regarding how Gukasyan met the passengers in Tijuana and whether he saw their fraudulent green cards. *See Wang v. INS,* 352 F.3d 1250, 1258–59 (9th Cir.2003) (concluding that inconsistencies and implausibilities in testimonial and documentary evidence went to the heart of applicant's claim and supported IJ's adverse credibility finding). Contrary to Gukasyan's contention, the IJ adequately explained the credibility finding. The petitioner's incredible testimony, the border officer's testimony, and the sworn statements provide substantial evidence to support the IJ's determination that Gukasyan was inadmissible for knowingly assisting in his passengers' attempt to enter the United States in violation of law. *See Urzua Covarrubias,* 487 F.3d at 749.

Gukasyan also challenges that IJ's denial of his application for asylum on the ground that the IJ's well-founded fear analysis was insufficiently individualized. We lack jurisdiction to consider this contention because he failed to raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

In light of the IJ's determination that Gukasyan failed to show eligibility for asylum, he necessarily failed to meet the more stringent requirements for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

Gukasyan's contention that the BIA erred by not explicitly addressing his CAT claim is unavailing. *See* 8 C.F.R. § 1003.1(e)(4)(i) (governing the BIA's streamlining authority); *see also Garcia–*

*Martinez v. Ashcroft,* 371 F.3d 1066, 1078–79 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**